UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ANDREW PEREZ, <br><br>                               Plaintiff, <br><br> -against- <br><br> LENNOX HILL RADIOLOGY, COMPLETE NEUROLOGICAL CARE, FIDELIS HEALTH CARE, UNKNOWN AGENTS & CONFIDENTIAL INFORMANTS, <br><br>                               Defendants. | 17-CV-6367 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Eric Andrew Perez, appearing *pro se*, brings this action under 42 U.S.C. § 1983 and a host of other federal statutes, including federal criminal statutes, alleging that medical professionals employed by Defendants are engaged in an ongoing criminal conspiracy against him. By order dated August 23, 2017, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff invokes the Court's federal question jurisdiction and alleges the following: On July 2, 2017, Plaintiff sought treatment for a migraine headache at New York Presbyterian Hospital's emergency room. There, medical personnel gave Plaintiff an injection and referred him to Complete Neurological Care, located in Manhattan, for further evaluation. (Compl. at ¶¶ 32-36.) On July 12, 2017, medical professionals performed a series of tests on Plaintiff and referred him to Lenox Hill Radiology[1] for an MRI of his brain and cervical spine. (*Id*. at ¶¶ 37-41.) The MRI was performed on July 22, 2016 by a "technician [who] was acting strangely and dressed in strange attire (wearing a shirt with sail boats printed on it)." (*Id*. at ¶¶ 42-45.) After the MRI was completed, a staff member at Lenox Hill Radiology gave Plaintiff a disc that allegedly contained the MRI images. (*Id*. at ¶ 46.)

On July 26, 2017, a doctor employed by Complete Neurological Care, Marina Fay, informed Plaintiff that the MRI results were "normal." (*Id*. at ¶ 48.) Plaintiff contends, however,

---

[1] Throughout the complaint, Plaintiff incorrectly refers to Lenox Hill Radiology as "Lennox Hill Radiology."

that Dr. Fay "was not given access to the MRI or looking [*sic*] at the computer screen when she made that statement." (*Id*. at ¶ 49.) Plaintiff later "examined the disc of images that he was provided . . . and determined that these images could not be his." (*Id*. at ¶ 54.) Plaintiff further claims that on August 27, 2017 – six days *after* he commenced this action – he "notified the Attorney General Southern District of this interference and obstruction by filing a civilian criminal complaint and delivering it in person . . . to US Attorney General Southern District." (*Id*. ¶ 59.) He "has not received any response from the AG." (*Id*. at ¶ 60.)

> Plaintiff concludes with the following:
>
> Plaintiff's obstruction and substitution of MRI image is due to the fact that the conspirators whom [*sic*] are tracking his civil rights cases and every move are attempting to discredit the plaintiff's claims in his lawsuit. The conspirators are attempting to engineer and control the outcome of the lawsuit and control the evidence without informing or acknowledging the plaintiff of said evidence MRI images [*sic*]. Conspirators are controling [*sic*] the evidence in order to have blackmail on the each other [*sic*] while totally ignoring and attempting to discredit the plaintiff's claims. Several foreign services i.e. Communist, French, English, Muslim, and other groups are involved in this conspiracy and are using the plaintiff as blackmail and at the center of an ever evolving conspiracy without acknowledging their [*sic*] is a conspiracy. The effort and preparation that it would have taken to prepare a disc with another subject's MRI is irefutable [*sic*] evidence that there is a nefarious plot against the plaintiff. There are well over a dozen persons known and unknown to the plaintiff assistig [*sic*] the orchestrators of this plot against the plaintiff . . . . The substitution of MRI images is one crime in long series of crimes that these conspirators have perpetrated and gotten away with. The lack of response from the AG is further evidence of the conspiracy against the plaintiff and proves the collussion [*sic*] and corruption of not only the Courts but of the Federal Agencies and law enforcement in general.

(*Id*. at ¶¶ 61-66, 71-72.)

Plaintiff sues Lenox Hill Radiology, Complete Neurological Care, Fidelis Healthcare, and "Unknown Agents & Confidential Informants." He demands monetary damages, an order directing "the Attorney General's Office Southern District [to] issue a statement with the reasons and explanation for why they have not responded to the plaintiff[,]" an order directing Lenox Hill Radiology "to take another MRI at no charge," and other injunctive relief. (Compl. at 6.)

3

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint must be dismissed as frivolous. Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies as moot Plaintiff's motion for the Court to request *pro bono* counsel. (ECF No. 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 8, 2017
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge